**SO ORDERED.**

**SIGNED this 09 day of August, 2012.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | |
| EAST COAST DEVELOPMENT II, LLC, | CHAPTER 11 |
| | CASE NUMBER: 11-02792-8-RDD |
| Debtor | |
| | |
| CINDY YORK, | |
| | ADVERSARY PROCEEDING |
| Plaintiff | NUMBER: 11-00268-8-RDD |
| v. | |
| EAST COAST DEVELOPMENT II, LLC, JAMES A. McFARLAND, JR., | |
| Defendants | |

## ORDER DENYING MOTION TO DISMISS

Pending before the Court is the Motion to Dismiss filed by James A. McFarland on June 26, 2012 (the "Motion") and Plaintiff's Response to Defendant's Motion to Dismiss Complaint filed by Cindy York on July 16, 2012 (the "Response"). The Court conducted a hearing on the Motion and the Response on August 2, 2012 in Greenville, North Carolina.

## BACKGROUND

East Coast Development II, LLC filed a voluntary petition under Chapter 11 of the United State Bankruptcy Code on April 8, 2011. East Coast Development II, LLC, along with James A. McFarland, Jr. (the "Defendant") filed the Notice of Removal of Pending State Court Civil Action to United States Bankruptcy Court, Eastern District of North Carolina on July 18, 2011, removing a pending state court civil action filed by Cindy York (the "Plaintiff") from the Superior Court in New Hanover County, North Carolina to the United States Bankruptcy Court for the Eastern District of North Carolina.

The complaint alleges that East Coast Development II, LLC and the Defendant are liable to the Plaintiff based on causes of action for breach of contract, fraud, and unjust enrichment/quantum meruit. The Plaintiff claims she and the Defendant entered into an oral agreement in 2006 by which she would perform all legal work for the Defendant and the entities he owned in exchange for a monthly retainer of $10,000.00 and payment of all overhead and expenses of her law practice. The basis of the adversary proceeding is breach of the oral agreement and damages stemming from breach. The Plaintiff alleges that based on her agreement with the Defendant, she ended her representation of all other clients in order to devote her practice to providing legal services for the Defendant and the numerous companies he owned or in which he held an interest. The Plaintiff also asserts that on several occasions the Defendant used her legal services for personal matters relating to himself and his family.

The Defendant filed the Motion requesting the Court dismiss the complaint as to him individually. In the Motion, the Defendant states that the Plaintiff filed a Motion for Leave to File First Amendment to Complaint, seeking to amend the complaint to comply with Federal Rule of Civil Procedure 9(b) and assert that the Defendant alone, and not East Coast Development II, LLC,

is liable for the alleged fraud. The Defendant argues that there is no basis for the Plaintiff to assert a claim of fraud against him individually. In support of the Motion, the Defendant argues that in her deposition, the Plaintiff failed to establish that she did any work for the Defendant personally. With the exception of one real estate closing, the Defendant contends all work done by the Plaintiff was on behalf of entities owned by the Defendant. As such, the Defendant asserts that Plaintiff's claims against him personally are not plausible or provable and should be dismissed.

In the Response, the Plaintiff claims that in all communications with her, the Defendant represented himself and all of the entities that he owned as one in the same. The Plaintiff references statements the Defendant made at a deposition indicating he viewed his companies and himself as a single entity to support the allegations that the Defendant is personally liable for breach of contract and fraud. Specifically, the Plaintiff argues that when the Defendant was asked whether he treated all the limited liability companies he owned as one big entity, the Defendant responded that he did. Pl.'s Resp. To Def.'s Mot. to Dismiss Compl. Ex. D, ¶ 12-16.

## DISCUSSION

The Motion fails to assert under what grounds the Defendant seeks relief. Because the Motion asserts the complaint fails to adequately plead facts alleging the Defendant's personal liability for the claims asserted, the Court will construe the Motion as one brought under Federal Rule of Civil Procedure 12(b)(6). However, because the Motion references information contained in the depositions of the parties, the Motion is more properly addressed as a motion for summary judgment under Federal Rule of Civil Procedure 56, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Fed. R. Civ. Pro. 12(d); *D&B Swine Farms, Inc. v. Murphy-Brown, L.L.C. (In re D & B Swine Farms, Inc.)*, 430 B.R. 737, 741 (Bankr. E.D.N.C. 2010)

(finding a motion to dismiss supported by matters outside the pleadings is properly addressed as a motion for summary judgment).

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). If there is no genuine issue of material fact, and the issue to be decided is a matter of law, a ruling on a motion for summary judgment is appropriate. However, if there are genuine issues of material fact, then summary judgment is not appropriate.

The Motion does not address the merits of the claims raised in the complaint, but argues that the Plaintiff has no basis to assert that the Defendant is individually liable to her. The Court notes that generally a member or manager of a limited liability company is not liable to third parties solely by reason of being a member or manager. N.C. Gen. Stat. § 57C-3-30 (2011). However, the complaint alleges that the Defendant, "acting in his individual capacity . . . repeatedly asked Plaintiff to close her existing practice and to provide services solely for Defendants and the other McFarland entities." Compl. 2 ¶ 7, July 18, 2011. Further, the complaint alleges that at all relevant times, "Defendants and the other McFarland entities acted in unison, for and on behalf of each other, and acting as alter egos of and for each other, with [the Defendant] being the sole member or principal of each entity named herein, as well as acting in his individual capacity." *Id*. 2 ¶ 8.

Additionally, the Plaintiff presented evidence suggesting that she performed at least one service on behalf of the Defendant personally during the parties employment relationship. Furthermore, the Plaintiff's deposition testimony suggested that in her interactions with the

Defendant, she found it difficult to determine whether the work she performed was for the Defendant individually or for his companies. Finally, the Defendant's testimony at his deposition tended to indicate he treated the entities he was owner or manager of as an extension of himself. Pl.'s Resp. To Def.'s Mot. to Dismiss Compl. Ex. D, ¶ 12-16. When viewing this evidence in the light most favorable to the Plaintiff, the Court finds there is a genuine issue of material fact as to whether the Defendant should be held personally liable for breach of contract, fraud, and unjust enrichment.

Therefore, the Motion is **DENIED**.

**SO ORDERED**.

**END OF DOCUMENT**